UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
PHEOBE BERG, TOSHIRO KIDA, JOHN :
RIVERA, DANYA ROZENTAL and :
JOHNATHAN JETTER, individually and : 12 Civ. 3391 (TPG)
on behalf of a class of all others similarly :
situated, : **OPINION**
:
                 Plaintiffs, :
:
         – against – :
:
NEW YORK CITY POLICE :
COMMISSIONER RAYMOND KELLY, :
CHIEF OF NEW YORK CITY POLICE :
DEPARTMENT JOSEPH ESPOSITO, et :
al., :
:
                 Defendants. :
------------------------------------------------x

      Plaintiffs bring this class action complaint alleging that officers of the New York City Police Department ("NYPD") violated plaintiffs' rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution and their rights under the Constitution of the State of New York. The alleged violations occurred on November 30, 2011. Plaintiffs attended a protest as part of the Occupy Wall Street movement, and NYPD officers allegedly refused to allow plaintiffs to exit a barricaded area for approximately two hours. On March 6, 2013, defendants moved for judgment on the pleadings for failure to state a claim and failure to fulfill conditions precedent to suit.

      Defendants' motion to dismiss is denied.

## The Complaint

Plaintiffs Phoebe Berg, Toshiro Kida, John Rivera, Dayna Rozental, Jonathan Jetter, and others similarly situated are protesters affiliated with the Occupy Wall Street movement. Defendants are named and unnamed NYPD officers, including Police Commissioner Raymond Kelly and Chief of the New York City Police Department Joseph Esposito.

At 8:00 p.m. on November 30, 2011, plaintiffs attended a demonstration with approximately 100 other protestors outside the Sheraton Hotel, located on Seventh Avenue between 52nd and 53rd Street. Plaintiffs chose this time and place for their demonstration because they knew that President Obama planned to attend a fundraising event at the hotel that evening. Defendants erected barricades in a "U" shape across the street from the Sheraton Hotel at the southwest corner of 53rd Street. The barricade extended west on 53rd Street toward Broadway for approximately 100 feet, creating an opening for entry and exit on 53rd Street.

When plaintiffs arrived, NYPD officers locked the barricades and told plaintiffs that they were only permitted to stand within the barricaded area. At 8:41 p.m., defendants brought additional barricades to close the opening of the area in which plaintiffs were standing. These barricades converted the "U"-shaped area into a confined, rectangular pen. Plaintiffs allege that defendants allowed tourists and journalists to exit the barricaded area but threatened to arrest plaintiffs if they tried to

leave. Defendants allegedly told plaintiffs that they were being held because they were protestors.

Plaintiffs claim that defendants only permitted protestors who became ill to leave if they were taken by ambulance. For example, paramedics took one protestor, Lisa Rubenstein, out of the pen after she fainted inside the closed area. Plaintiff Jetter was not allowed to leave despite feeling ill and suffering from a fever. Ultimately, the NYPD officers allegedly held plaintiffs in the pen for one hour and forty-five minutes and neither arrested them nor charged them with any crime.

Plaintiffs plan to attend future demonstrations affiliated with the Occupy Wall Street movement but allege that they have thus far avoided such demonstrations for fear of becoming trapped in an NYPD-erected pen.

## Discussion

In deciding a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the court "appl[ies] the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." King v. Am. Airlines, Inc., 284 F.3d 352 (2d Cir. 2002). A Rule 12(c) motion is granted only where "from the pleadings, the moving party is entitled to judgment as a matter of law." Dargahi v. Honda Lease Trust, 370 Fed. App'x 172, 174 (2d Cir. 2010).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead sufficient facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). In deciding such a motion, the court must accept as true the facts alleged in the complaint but not its legal conclusions. Iqbal, 556 U.S. at 678-79. The court must also draw all reasonable inferences in the plaintiff's favor and may consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the suit. ATSI Commc'ns, Inc. v. Shaar Fund. Ltd., 493 F.3d 87, 98 (2d Cir. 2007). The court may also consider documents that are integral to a plaintiff's claims if the plaintiff would have had actual notice of the documents at the time the complaint was drafted. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

The legal standards relating to the constitutional and statutory provisions relied on are well known and need no reiteration here.

Dealing with the complaint in this case, it is a close question as to whether it states a valid cause of action for violation of constitutional rights. Plaintiffs allege that they were confined behind barricades on a street for almost two hours. However, the police were carrying out their duty to protect the President of the United States, who was visiting the hotel outside of which plaintiffs were protesting. It is well known that extraordinary steps are taken to protect the President.

Plaintiffs claim that the police went too far and subjected plaintiffs to a confinement beyond that which was necessary to protect the President. The police obviously take the other view.

The court believes that it is not appropriate at this stage to rule on the merits of the case. Thus, the court declines to dismiss the action.

However, a summary judgment motion, or cross-summary judgment motions, may be appropriate in order to avoid a drawn-out litigation with full discovery and trial. The court will confer with counsel.

### Conclusion

The motion to dismiss is denied.

SO ORDERED.

Dated: New York, New York
       November 21, 2013

_____
Thomas P. Griesa
U.S. District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2013
```