# BELDOCK LEVINE & HOFFMAN LLP

## 99 PARK AVENUE, PH/26TH FLOOR

### NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
    (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF: 90000.71

WRITER'S DIRECT DIAL:
212-277-5825

**VIA ECF ONLY**

December 14, 2018

Lewis A. Kaplan
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   **Berg, Phoebe, et. al. v. Kelly, Raymond, et. al.
>        12 Civ. 3391 (LAK)(GWG)**

Your Honor:

Respectfully, the Berg plaintiffs object to the Report and Recommendation of Magistrate Judge Gorenstein issued on November 30, 2018.

Where a party timely serves, and files written objection to a magistrate judge's report and recommendation on a dispositive motion, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.S. § 636(b)(1); Fed R. Civ. P. 72(b). The District Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed R. Civ. P. 72(b)(3). Should this application be denied, the case would terminate, therefore, this is a dispositive motion.

The Report and Recommendation errors in two respects. First, the ruling that there was never a Monell claim advanced is incorrect, as the former NYPD Commissioner Raymond Kelly and then Chief of the NYPD Joseph Esposito were sued in their official capacities. DE 86, Second Amended Complaint at ¶¶15 - 16. Second, the Report and Recommendation fails to address the matter of the sufficiency of the proof before the Court of a municipal policy.

Hon. Lewis A. Kaplan
December 14, 2018
Page 2

When directors of a municipal department are sued in their official capacities, as they are here, it is a unity with suing the municipal entity. Brandon v. Holt, 469 U.S. 464, 472 (1985); see also Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) ("a suit against a [..] official in his or her official capacity is not a suit against the official but rather is a suit against the officials' office"). Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky, 473 U.S. at 165, quoting Monell v. New York City Dept. of Social Services, 436 U. S. 658, 436 U. S. 690, n. 55. The defendants could have moved against the complaint, and they may have been successful, but they did not. The Magistrates Recommendation notes that there was scant evidence of the personal involvement of either former NYPD Commissioner Raymond Kelly and then Chief of the NYPD Joseph Esposito. This is true, there was no evidence developed relating their personal involvement because they were sued in their official capacity as a proxy for the City of New York. DE 144 at Pg. 2 and 3.

As this Court is doubtlessly aware, this matter comes to Your Honor on a motion to reargue a section of a Fed. R. Civ. P. 54 motion for summary judgment. In Spadafore v. Gardner, 330 F.3d 849 (6th Cir. 2003), the Court considered a challenge to the sufficiency of a complaint that was made for the first time at summary judgment and held that "[t]he question of whether the pleadings were fatally insufficient is thus no longer the correct inquiry." Id. at 853; Caputo v. Pfizer, Inc., 267 F.3d 181, 191 n.4 (2d Cir. 2001) (stating that a party's post-close-of-discovery a Fed. R. Civ. P. 9(b) motion challenging particularity-in-pleading did not serve the purpose of the pleading rule); Robinson v. Macy's, No. 14 Civ. 4937 (CM), 2015 US Dist LEXIS 111304, at *47 (S.D.N.Y. Aug. 19, 2015) (denying post-discovery 12(b)(6) motion because it "came too late" to challenge pleading sufficiency, and stating that all that was left was for the movant to challenge sufficiency of proof in a Fed. R. Civ. P. 56 motion).

The proof of a municipal practice comes from nonparty Inspector Hart who has substantial experience policing demonstrations. He estimates he has policed hundreds of demonstrations. DE 140, Exh. 1, Hart Dep. ("Heart Dep."), 19:5-11. He also testified that he had been the commanding officer of at least eight to ten Presidential visits and had policed 25 presidential visits prior to November 20, 2011. Hart Dep., 39:16-40:9. He testified that holding the plaintiffs for an hour and a half is exactly what the NYPD would do, stating in response his lawyer's questions:

> Q: Are frozen zones put in effect when those foreign leaders move or are moving?
> A: Yes.
> Q: From your experience doing presidential details generally, would a restricted area be held for the duration of a visit that is approximately an hour-and-a-half?
> A: Yeah, it could be. I mean it would, you know, my – and this is, you know, a night like that we would hold it. We would not give up ground we had already attained.

BELDOCK LEVINE & HOFFMAN LLP

Hon. Lewis A. Kaplan
December 14, 2018
Page 3

> Q: You stated "A night like that," and you've already testified that there were no specific threats that you were aware of?
> A: Right.
> Q: What factors made it a night like that where the restricted area would have been held for the duration of the visit?
> A: The presence of the tree lighting and a presidential visit separate and apart from each other but within a quarter mile of one another. Both very secure events. Both very high threat – considered to be high threat events, so it would be something we would strictly, you know, work at keeping them secure.
> Hart Dep., 103:8 - 104:7

Given Inspector Hart's experience policing Presidential visits the evidence shows the City of New York had the custom to hold and detain people in the manner alleged before Your Honor. This custom is articulated by an inspector who commands the policing of Presidential visits.

Given the above, there is some evidence in the record, which, if credited, would provide enough evidence for a trial in this matter. "If there is any evidence in the record from any source from which a reasonable inference in [the nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment." Binder & Binder PC v. Barnhart, 481 F.3d 141, 148 (2d Cir. 2007) (quotation omitted); see also Tolan, 134 S. Ct. at 1868 ("By weighing the evidence and reaching factual inferences contrary to Tolan's competent evidence, the court below neglected to adhere to the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party.").

The Magistrate Judge specifically avoids the issue of if the testimony of Inspector Hart. Your Honor should reach the issue of the sufficiency of this proof and find enough evidence has been marshaled and was marshaled during the original and subsequent briefing to allow a claim for municipal liability to be placed before a Jury.

We thank Your Honor for considering this request.

Respectfully submitted,

David B. Rankin